UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE SALVADOR ZAVALETA MENDOZA,<br><br>    Petitioner,<br><br>v.<br><br>CHARLES GREEN, et al.,<br><br>    Respondents. | Civil Action No. 16-1447 (JLL)<br><br>OPINION |

**LINARES**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Jose Salvador Zavaleta Mendoza, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer (ECF No. 2), the Government filed a response to the Petition. (ECF No. 4-5). Petitioner did not file a reply. (ECF Docket Sheet). For the following reasons, this Court will deny the petition without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of El Salvador who arrived in this country on or about June 6, 2014, by raft near Mission, Texas. (Document 1 attached to ECF No. 4). Shortly after his arrival, Petitioner was taken into custody by immigration officials within one hundred miles of the border, and was placed into expedited removal proceedings on June 7, 2014. (Document 1 attached to ECF No. 4 at 3-4). Petitioner has been held in immigration detention since that time, and is apparently not yet subject to a final order of removal. (ECF No. 4 at 1-2).

Although Petitioner asserts in his petition that he is detained pursuant to 8 U.S.C. § 1226(c), and has thus been denied a bond hearing, the Government has submitted paperwork

1

which establishes that Petitioner is not being held as a criminal alien, and is instead detained under the discretionary authority of the Government under 8 U.S.C. § 1226(a). (Document 2 attached to ECF No. 4 at 2-3). Indeed, on January 27, 2016, Petitioner appeared before the immigration court for a bond hearing, and was denied bond by an immigration judge based on an outstanding Interpol warrant. (*Id.*). Although Petitioner originally reserved his right to appeal that bond decision (*Id.* at 3), he ultimately elected to file an appeal of his bond denial order to the Board of Immigration Appeals (BIA) on or about March 22, 2016. (Document 3 attached to ECF No. 4). It is not clear from the record whether that appeal has been decided by the BIA as of yet.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

In his habeas petition, Petitioner argues that he has been held pursuant to 8 U.S.C. § 1226(c) for more than a year without a bond hearing, and that he is therefore entitled to a bond hearing pursuant to *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). The linchpin of that argument is Petitioner's contention that he is detained pursuant to § 1226(c), which does not permit a bond hearing in the ordinary course. By Petitioner's own admission in his bond order appeal, however, he has already been afforded a bond hearing on January 27, 2016. (Document 3 attached to ECF No. 4). It is thus clear from the record that Petitioner is in fact detained pursuant to 8 U.S.C. § 1226(a) and not § 1226(c) as he is not being held by immigration authorities on the basis of a criminal conviction entered against Petitioner in the United States, (*see* Documents 1-3 attached to ECF No. 4). *See also Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *1-2 (D.N.J. Jan. 6, 2016) (§ 1226(c) only applies to criminal aliens; the Government has the authority to detain non-criminal aliens pursuant to § 1226(a)).

Even were Petitioner's argument not fatally flawed, the only relief he could have received from this Court in so much as he is not yet subject to a final order of removal is a bond hearing. *See Chavez-Alvarez*, 783 F.3d at 474-76; *Pena*, 2016 WL 74410, at *2 (relief for pre-final order immigration detainees pursuant to a habeas petition is limited to the ordering of a bond hearing). It is clear in this matter that Petitioner has previously received a bond hearing, and is in the process of appealing the denial of bond by an immigration judge. (Documents 2-3 attached to ECF No. 4). Petitioner has thus already received the only relief that this Court could provide him. Where a Petitioner has received a bona fide bond hearing before an immigration judge, this Court "does not have the power to second guess the discretionary decision of the IJ to deny . . .

release on bond." *Pena*, 2016 WL 74410, at *2; *see also* 8 U.S.C. § 1226(e) (the "Attorney General's discretionary judgment regarding the [granting or denial of bond] shall not be subject to review. No court may set aside any action or decision [of an immigration judge] regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole"); *Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015); *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. 2004). Thus, Petitioner's current habeas petition must be denied without prejudice as Petitioner has already received the only relief available to him – a bond hearing – and this Court lacks any authority to review the denial of bond by an immigration judge after such a hearing.

## III. CONCLUSION

For the reasons stated above, this Court will deny Petitioner's petition for a writ of habeas corpus (ECF No. 1) without prejudice. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge